UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | |
| ) | |
| **NAHID AHMADPOUR** ) | |
| ) | **Case No. 18-11248** |
| ) | **Chapter 7** |
| ) | |
| ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CREDITOR, NATIONWIDE REGISTRY & SECURITY LTD.'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

Creditor, Nationwide Registry & Security Ltd. ("NRS"), by and through its attorneys, respectfully files this Memorandum in Support of Objection to the Claim of Exemptions of the Debtor, Nahid Ahmadpour (the "Objection").

NRS hereby adopts the Memorandum of Objections filed by Chesapeake Employers' Insurance Company ("CEIC"), and in addition thereto, adds the following.

**A. Debtor's Interest in 4054–41st Street, North, McLean, Virginia (the "Property")**

On or about November 16, 2001, while married to Youri Beitdashtoo, Ahmadpour acquired the aforesaid real Property as "her sole and separate equitable estate" for the sum of $720,000. By Deed dated September 11, 2005, immediately prior to Ahmadpour writing $268,150 in bad checks for which Ahmadpour was criminally charged and plead guilty to, for no consideration, Ahmadpour transferred the Property into the name of herself and her husband. At the time of the transfer, the property had been appraised as having a value of $1,075,000. There has been an action pending in the Circuit Court of Fairfax County, Virginia since 2009, Circuit Court Case No. 2009-15001, in which NRS has sought to set aside that transfer so as to recover the debt owed to it. Debtor and her husband have filed **seven (7)** different bankruptcy proceedings over the past **ten (10) years** in an

effort to avoid collection of that debt. Virginia Code §55-80, Virginia's fraudulent transfer statute, is similar to that of Maryland Code Ann., Comm. Law § 15-207. It provides that:

> Every gift, conveyance, assignment or transfer of...any estate, real or personal... with intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void.

In Virginia, the fraudulent conveyance act applies to both antecedent and precedent debts. There is no question but that Ahmadpour's transfer of title to the subject real property was a fraudulent transfer and is void.

For the foregoing reasons, among others, the Property is not exempt from process under Maryland law and the Debtor is not entitled to an exemption under 11 USC §522(b)(3)(B).

**B.    The Debtor's Claimed Exemptions for Personal Property Exceeds the Applicable Aggregate Limit.**

Debtor has recently filed Amended Schedules in which she, for the first time, acknowledged owning $5,495 in personal property. In prior bankruptcy proceedings, Debtor and her Husband claimed to have income in excess of $15,000/month generated primarily by the sale of Persian rugs. Debtor has not disclosed the business, the inventory of that business or where the funds have gone from the operation of that business. Debtor also has not disclosed any interest in a motor vehicle, yet she claims to live in Boyds, Maryland and drives to work at her supposed estranged Husband's salon in Arlington where she claims to work. As of this point in time, NRS has not had an opportunity to conduct a 2004 Exam to further inquire into these matters.

WHEREFORE, Nationwide Registry & Security, Ltd. respectfully requests that this Court determine the assets in which Debtor actually has an interest; determine the value of those interests; and disallow the Debtor's claimed exemptions in excess of those permitted by applicable law; and for an award of its costs, including reasonable attorney's fees, incurred herein.

-3-

Respectfully submitted,

/s/ Fitzgerald Lewis
Fitzgerald Lewis, Md. Bar No. 16912
Robert L. Vaughn, Jr., Va Bar No. 10633
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile
Email: rvaughn@oconnorandvaughn.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2018, I caused the foregoing Memorandum to be served on the U.S. Trustee, the Chapter 7 Trustee, and Debtor's counsel, and other creditors/parties in interest by CM/ECF.

/s/ Robert L. Vaughn, Jr
Robert L. Vaughn, Jr.