**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt)**

In re:

NAHID AHMADPOUR,

        Debtor

Case No.:   18-11248

Chapter 7

**DEBTOR'S OPPOSITION TO CREDITOR NATIONWIDE REGISTRY
& SECURITY, LTD.'S EMERGENCY MOTION TO LIFT STAY AND FOR FEES**

Debtor Nahid Ahmadpour, by and through undersigned counsel, opposes creditor Nationwide Registry & Security, Ltd.'s Emergency Motion to Lift Stay and for Fees (Doc. 18), and for reasons thereof states as follows:

1. On or about January 17, 2008 creditor Nationwide Registry & Security, Ltd. ("NRS") obtained a judgment in the Fairfax Circuit Court (Case No. 2007-14478) against Debtor Nahid Ahmadpour, in the principal sum of $80,000 with interest thereon at the rate of 18% per annum from October 10, 2005, until paid, and attorney's fees of $16,000 ("Judgement"). The Judgment was based upon a series of ten (10) drafts written by Ahmad pour on her Chevy Chase Bank account between October 8, 2005 and October 10, 2005, totaling $80,000, all of which drafts were dishonored by Chevy Chase Bank.

2. On June 27, 2008 Ahmadpour filed for bankruptcy relief under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 08-13766-BFK. This case was determined to be a no asset Chapter 7, and a discharge was entered. Although Ahmadpour initially failed to list NRS as a creditor, NRS's claims are discharged because the case was a no-asset case and no adversary proceedings were filed to determine whether the debt was exempt from discharge. See In re Stecklow, 144 B.R. 314 (Bankr. D. Md. 1992). After the

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

case had closed administratively, Ahmadpour attempted to amend her schedules to list NRS. NRS opposed, and Judge Mitchell entered a Memorandum Opinion affirming that "[i]n a 'no asset' case in which no bar date has been set for filing proofs of claim, an unlisted debt is discharged—even if the creditor was intentionally omitted—unless the debt is of the kind specified in § 523(a)(2), (4), or (6), Bankruptcy Code." See Memorandum Opinion and Order Doc. 32 in EDVA Bankruptcy case no. 08-13766, attached hereto as **Exhibit 1**. Further, Judge Mitchell noted that "[w]hether the judgment Nationwide is seeking to collect from the debtor is excepted from discharge is not properly before the court at this time but may be decided either by the state court in connection with proceedings to enforce the judgment or by this court if either the debtor or the creditor files an adversary proceeding to determine dischargeability." See **Exhibit 1**.

3. On October 25, 2010, NRS filed a complaint in Fairfax Circuit Court, Case no. 2010-15001 ("Property Transfer Case"), against Debtor Nahid Ahmadpour and her estranged husband Youri Beitdashtoo, and sought to set aside the transfer by Ahmadpour of her interest in the real property known as 4054-41st Street, N. McLean, Virginia (the "Property") to Beitdashtoo and herself as tenants by the entirety. This transfer occurred on or about September 11, 2005, almost a full month before the dishonored drafts were written by Ahmadpour. NRS alleges that this transfer was somehow intended to avoid the Judgement held by NRS or its underlying debt, neither of which existed at the time of the transfer and therefore such transfer could not have been done with the intent to avoid creditors in general, and certainly not to avoid creditor NRS.

4. On or about July 27, 2011, Ahmadpour and Beitdashtoo (together, "Settlement Debtors") entered into a Settlement Agreement with creditor NRS, wherein the Settlement

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

Debtors negotiated to settle the Judgment held by NRS "upon payment of [$91,000] to resolve any and all claims relating and/or pertaining to the Litigation, the Property, […] as well as the release of the Judgment as paid and satisfied[.]" See Settlement Agreement, attached hereto as **Exhibit 2**. To this end, the Settlement Debtors executed a Deed of Trust against their home for the benefit of NRS in the sum of $91,000, recorded among the land records of Fairfax County, Virginia at Book 21787, Liber 1877.

5. The terms of the Settlement Agreement called for sale of the Property at a particular price, with detailed terms related to lowering the price should the sale efforts stale. Within mere weeks of the settlement agreement being signed, due to no fault of the Settlement Debtors, NRS unilaterally and in breach of the Settlement Agreement initiated a foreclosure proceeding seeking sale of the Property.

6. In 2012, Beitdashtoo filed for bankruptcy under Chapter 13 in the United States Bankruptcy Court for the District of Columbia, Case No. 12-00722. Beitdashtoo did not receive a discharge due to the fact that Beitdashtoo had received a discharge in a separate bankruptcy case under Chapter 7 just one year prior (Case no. 11-16702 before the United States Bankruptcy Court for the District of Eastern Virginia). However, Beitdashtoo's Chapter 13 plan was approved and completed, paying 100% plus 6% post-confirmation interest per annum. See Chapter 13 Standing Trustee's Final Report and Account, Doc. 90 in D.C. Bankruptcy case no. 12-00722, attached hereto as **Exhibit 3**.

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

7. In Beitdashtoo's Chapter 13 plan, NRS was listed as a secured creditor and filed a corrected proof of claim on December 18, 2012 for the sum of $91,000[1]. See NRS Corrected Proof of Claim, attached hereto as **Exhibit 4.** Further, NRS received plan payments in the principal sum of $91,000, and also interest in the sum of $8,712.44. See **Exhibit 3**.

8. In consideration thereof, on July 06, 2017, NRS executed a "Deed of Release" instrument to release the Deed of Trust it held against the Settlement Debtors. See Deed of Release, attached hereto as **Exhibit 5**.

9. To review the above, NRS submitted its proof of claim as part of Beitdashtoo's Chapter 13 plan representing all claims against the Settlement Debtors. The Chapter 13 plan paid the full amount of NRS's claim plus some interest. The entirety of the Judgment held by NRS is therefore fully paid and/or discharged.

10. NRS recently sought to re-open the Property Transfer Case, and Beitdashtoo filed a Motion to Reopen [his Virginia Chapter 7 Bankruptcy case] and For Sanctions. That court found that Beitdashtoo's Chapter 7 discharge included any unsecured claims NRS may have had, if any, and given that the secured debt was paid and the lien released, the Court ruled that therefore NRS violated Beitdashtoo's discharge injunction. See Order Granting Debtor's Motion to Reopen Case, Granting in part and Denying in part Debtor's Motion for Sanctions and Setting Hearing, Doc. 176 in case no. 11-16702 before the United States Bankruptcy Court for the

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

\*\*\*
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

\*\*\*
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

---

[1] It is believed that the casino was aware of the wife's gambling addiction and the fact that the husband had paid them off for her. In fact the wife has had to seek professional counseling. It is quite simply inequitable to permit this collection agency to continue to harass and prey on this family.

District of Eastern Virginia, attached hereto as **Exhibit 6**. A hearing on the award of attorneys fees as sanctions against NRS is scheduled for March 27, 2018.

11. The underlying case that NRS wants to pursue if the Motion to Lift Stay is awarded is not appropriate to be adjudicated until this bankruptcy case is completed. It is undisputed that the deed of trust that was held by NRS is paid in full and has been released. Due to NRS's breach of contract with regard to the Settlement Agreement, that amount should fully satisfy the Settlement Agreement and release all claims related to the judgement. *Arguendo* that there are unsecured claims that survive this payment, both debtors have filed bankruptcies and received discharges as to that potential unsecured claim. NRS therefore has nothing left to collect and no reason to seek a judgment in the Property Transfer Case.

12. In other words, NRS must first prevail in the adversary proceeding it has filed to determine the dischargeability of the debt before it has standing to pursue the Property Transfer Case. Unless and until NRS is victorious in the adversary proceeding, it has no debt to collect as all the debts to NRS by Debtor were paid and/or discharged.

WHEREFORE, Debtor Ahmadpour respectfully requests that:

A. Creditor NRS's Motion is DENIED;

B. the automatic stay remain in effect;

C. no fees be awarded to NRS; and

D. such other and further relief this Court deems just and proper be granted.

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

\*\*\*
8500 Leesburg Pike
Suite 400
Vienna, VA 22010

\*\*\*
(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com

Respectfully submitted,

**THE PELS LAW FIRM**

Dated: <u>March 16, 2018</u>    */s/ Jon D. Pels*
Jon D. Pels, Esq., MD Bar #11883
jpels@pelslaw.com

/s/ Alvaro A. Llosa
Alvaro A. Llosa, Esq., MD Bar #19334
allosa@pelslaw.com

4845 Rugby Avenue,
Third Floor
Bethesda, MD 20814
(301) 986-5570 (T)
(301) 986-5571 (F)
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 16, 2018, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system to all registered participants.

/s/ Jon D. Pels
Jon D. Pels, Esq., MD Bar #11883

THE PELS LAW FIRM LLC

4845 Rugby Ave
3rd Floor
Bethesda, MD 2014

***

8500 Leesburg Pike
Suite 400
Vienna, VA 22010

***

(T) 301-986-5570
(F) 301-986-5571

www.pelslaw.com
jpels@pelslaw.com