IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| IN RE: | | |
| NAHID AHMADPOUR | * | Case No: 18-11248 WIL |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |
| NATIONWIDE REGISTRY & | * | |
| SECURITY, LTD. | * | |
| C/O O'CONNOR & VAUGHN LLC | * | |
| 11490 COMMERCE PARK DR., STE 510 | * | |
| RESTON, VA 20191 | * | |
| Movant, | * | |
| v. | * | |
| NAHID AHMADPOUR | * | |
| Debtor | * | |
| | * | |
| Laura J. Margulies, Trustee | * | |
| Respondents. | * | |
| | * | |

**TRUSTEE'S AMENDED ANSWER TO THE
AMENDED MOTION FOR RELIEF FROM STAY**

COMES NOW Laura J. Margulies, Trustee, and hereby submits this Amended Answer to the Amended Motion for Relief from Stay (the "Amended Motion") filed by Nationwide Registry & Security, Ltd. ("Movant"), and respectfully represents as follows:

1. On June 27, 2008 the Debtor had filed a previous bankruptcy case in the US Bankruptcy Court for the Eastern District of Virginia, case no. 08-13766 BFK ("2008 case"). Attached hereto is the Docket in the 2008 case. On October 8, 2008 the Debtor received a discharge of her debts in the 2008 case, Also attached is a copy of the Discharge Order.

2. Even though Movant had obtained a default judgment against the Debtor six months before she filed the 2008 case, she failed to list Movant as a creditor and it allegedly did not know about the case. After the Discharge Order was entered, the Debtor attempted to add

Movant as a creditor in the case, however, the Court in the case issued a Memorandum Opinion and Order denying her request and also stated that: "Whether the judgment Nationwide is seeking to collect from the debtor is excepted from discharge is not properly before the court at this time but may be decided either by the state court in connection with proceedings to enforce the judgment or by this court if either the debtor or the creditor files an adversary proceeding to determine dischargeability." A copy of the Order is attached hereto.

3. The Trustee is unaware of any decision by any court to determine whether the debt owed to Movant was or was not included in her discharge. Accordingly, until a determination is made regarding the dischargeability of the debt owed to Movant, the Trustee cannot consent to the lifting of the stay. Should the Court determine it was included in the 2008 case, the relief may not be granted, on the other hand, if it is determined that the debt was not included, the relief may be granted to allow Movant to proceed in the state court fraudulent conveyance complaint and the Trustee would consent to the relief at that point.

WHEREFORE, the Respondent respectfully requests that this Court delay the granting the Movant's Amended Motion to Lift the Stay until a decision is made regarding the dischargeability of Movant's debt; and grant such other and further relief as the cause may require.

Dated:  March 28, 2018                    Respectfully submitted,

/s/Laura J. Margulies
Laura J. Margulies, (#06585)
6205 Executive Blvd.
Rockville, Maryland 20852
(301) 816-1600
trustee@law-margulies.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 28, 2018, a copy of the foregoing Amended Answer To The Amended Motion For Relief From Stay was served electronically via CM/ECF to:

Robert L. Vaughn, Jr., Esq.
rvaughn@oconnorandvaughn.com
*Attorney for Movant*

Synchrony Bank
c/o PRA Receivables Management
claims@recoverycrop.com

Jon D. Pels
jpels@pelslaw.com
*Attorney for Debtor*

Kevin D. Judd, Esq.
bkadmin@juddlawfirm.com
*Attorney for Debtor*

And on February 20, 2018, was served by first class mail, postage prepaid to:

Nahid Ahmadpour
14316 Kings Crossing Blvd
Boyds, MD  20841

Fitzgerald Lewis, Esq.
6066 Leesburg Pike, 4TH Floor
Falls Church, VA 22041
*Co-counsel for Movant*

                                                        /s/Laura J. Margulies
                                                        Laura J. Margulies