IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

In re:

NAHID AHMADPOUR     *     Case No.: 18-11248 WIL
                    *     Chapter 7
    Debtor          *
* * * * * * * * * * * * *

**APPLICATION FOR AUTHORIZATION
TO EMPLOY ROBERT L. VAUGHN, JR., ESQUIRE OF
O'CONNOR & VAUGHN LLC AS SPECIAL COUNSEL TO THE TRUSTEE**

Laura J. Margulies, Trustee in the above-captioned bankruptcy matter, respectfully requests that this Court authorize her to employ Robert L. Vaughn, Jr., Esquire ("Vaughn") as special counsel to the Trustee, pursuant to 11 U.S.C. Section 327. In support hereof, the Trustee states as follows:

1. On January 30, 2018, the Debtor filed the instant bankruptcy proceeding, and the Applicant is presently acting as the Chapter 7 Trustee in this proceeding.

2. The Trustee is presently investigating Debtor's assets and transfers of property.

3. There are presently pending in the Fairfax County Virginia Circuit Court, Case No. 2010-15001 which involve allegations of a fraudulent conveyance against the Debtor ("State Court Litigation").

4. Robert L. Vaughn, Jr., is currently representing the largest unsecured creditor in the State Court Litigation, which, if successful, will result in the avoidance of the transfer of the Debtor's real property located at 4054 41st Street N., McLean, Virginia, (the "Property") which was originally titled solely in the Debtor's name, then transferred to the Debtor and her husband as tenants by the entirety.  Given the value of the Property, if the Property is then sold on behalf of the estate, there should be sufficient proceeds from the sale, after paying the liens and cost of

1

sale, to pay all the claims filed in the Debtor's case in full.

5. Although Mr. Vaughn represents a Creditor in this case, he has no adverse interest to the estate which would forbid him from representing the estate. In re: Milwaukee Engraving Co., 219 F. 3d 635 (7th Cir. 2000), cert. denied. 531 U. S. 1112 (2002). To the contrary, Mr. Vaughn's representation will actually benefit the estate as it will likely result in assets available for distribution to creditors of the estate. Furthermore, it would not be cost efficient for the estate to hire new counsel in this matter, as that person would need to spend significant time in learning the facts of the case and researching the law. Mr. Vaughn has been attempting to collect on the subject judgment from the Debtor since 2008; during that period of time, the Debtor, her husband, and their business filed a total of seven (7) bankruptcy cases; four (4) in Virginia, two (2) in the District of Columbia, and now this seventh case in Maryland. Mr. Vaughn was previously successful in a state court action setting aside the transfer of the Debtor's business to her husband as a fraudulent transfer in the Virginia Circuit Court, case nos. 2009-17377.

6. Vaughn is duly admitted to practice in the Commonwealth of Virginia, the Eastern and Western Districts of Virginia, and the U.S. Court of Appeals for the Fourth Circuit. Vaughn has executed a Verified Statement setting forth any prior connections with the Debtor and any interested parties, attached as Exhibit A.

7. The Trustee proposes to compensate Vaughn on an hourly fee-for-service basis at the rate of $375.00 per hour, and reimbursement of expenses, subject to review by this Court. There will be no charge to the estate if the State Court Litigation is not successful.

8. Vaughn will seek compensation as permitted under the Bankruptcy Code, Bankruptcy Rules and Local Rules.

9. Vaughn has over 37 years of experience in civil litigation and bankruptcy law, which experience and knowledge should benefit the Estate by reducing costs to learn the facts and the law in the State Court Litigation.

10. The Estate anticipates that it will recover assets sufficient to compensate Vaughn for the work to be performed.

11. Although Vaughn has an interest in the case through his representation of creditor Nationwide Registry & Security, Ltd., this has also given him in-depth knowledge of the matters upon which he is to be engaged as special counsel for the Trustee. The Trustee believes that his employment would be in the best interest of the Estate.

WHEREFORE, Applicant prays that this Court enter an Order pursuant to 11 U.S.C. Section 327 authorizing her to employ Robert L. Vaughn, Jr., Esquire as Special Counsel to represent the estate in the State Court Litigation, and any appeals thereof, and for such other relief as is just and proper.

Dated: May 30, 2018                                  Respectfully submitted,

By: /s/Laura J. Margulies
Laura J. Margulies, Chapter 7 Trustee
6205 Executive Blvd.
Rockville, MD  20852
(301) 816-1600
trustee@law-margulies.com

### CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, a copy of the foregoing Application, along with a copy of the Verified Statement of Proposed Counsel and the proposed Order was mailed, postage prepaid, or served electronically via the CM/ECF system to:

Robert L. Vaughn, Jr., Esq.          Fitzgerald Lewis, Esq.
rvaughn@oconnorandvaughn.com          flewis@lewisatlaw.com
*Attorney for Movant*                 *Co-counsel for Movant*

| | |
|---|---|
| Synchrony Bank<br>c/o PRA Receivables Management<br>claims@recoverycrop.com | Kevin D. Judd, Esq.<br>bkadmin@juddlawfirm.com<br>*Attorney for Debtor* |

Jon Dennis Pels, Esq.
jpels@pallaw.com

And on June 1, 2018, was served by first class mail, postage prepaid to:

| | |
|---|---|
| Nahid Ahmadpour<br>14316 Kings Crossing Blvd<br>Boyds, MD  20841 | Office of the U.S. Trustee<br>6305 Ivy Lane, Suite 600<br>Greenbelt, MD  20770 |

            /s/ Laura J. Margulies
            Laura J. Margulies