IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT)

| | |
|---|---|
| In re:<br><br>NAHID AHMADPOUR,<br><br>     Debtor | Case No.:   18-11248<br><br>Chapter 7 |

**OPPOSITION TO APPLICATION FOR AUTHORIZATION
TO EMPLOY ROBERT L. VAUGHN, JR., ESQUIRE OF
<u>O'CONNOR & VAUGHN LLC AS SPECIAL COUNSEL TO THE TRUSTEE</u>**

Nahid Ahmadpour, by and through undersigned counsel, respectfully requests that this Court decline to authorize the Trustee to employ Robert L. Vaughn, Jr., Esquire ("Vaughn") as special counsel to the Trustee, pursuant to 11 U.S.C. section 327. In support hereof, the Debtor states as follows:

1.\.     In the application to employ, it is stated that "Vaughn has over 37 years of experience in civil litigation and bankruptcy law, which experience and knowledge should benefit the Estate by reducing costs to learn the facts and the law in the State Court Litigation." Application to Employ, ECF No. 74 at ¶9.

2.\.     Vaughn was recently sanctioned in a companion case against the Debtor's estranged spouse.  <u>See</u> Order dated 4/3/2018 of The Honorable Brian F. Kenney United States Bankruptcy Court for the Eastern District of Virginia Alexandria, attached hereto as **Exhibit 1**.

3.\.     Vaughn was sanctioned for a blatant and obvious violation of the discharge injunction and was ordered to pay the sum of $3500 and to submit to the Fairfax County Circuit Court an endorsed Order dismissing with prejudice all claims for *in personam* relief. *Id*.

4.\.     As such, his experience is questionably contrary to his assertions to this Court.

5. Vaughn also failed to advise this Court that the reason the Debtor's title was changed from her solely to that of her and her husband (Mr. Beitdashtoo) was because the bank required it when they provided a loan to the husband for the express purpose of paying off the spouse's gambling debts.

6. Vaughn failed to disclose that on **October 25, 2010,** NRS filed a complaint in Fairfax Circuit Court, Case no. 2010-15001 ("Property Transfer Case"), against Debtor Nahid Ahmadpour and Youri Beitdashtoo, and sought to set aside the transfer by Ahmadpour of her interest in the real property known as 4054-41st Street, N. McLean, Virginia (the "Property") to Beitdashtoo and herself as tenants by the entirety. This transfer occurred on or about **September 11, 2005,** almost a full month before the dishonored drafts were written by Ahmadpour. NRS alleges that this transfer was somehow intended to avoid the Judgement held by NRS or its underlying debt, neither of which existed at the time of the transfer and therefore such transfer could not have been done with the intent to avoid creditors in general, and certainly not to avoid creditor NRS.

7. Vaughn failed to disclose that on or about July 27, 2011, Ahmadpour and Beitdashtoo (together, "Settlement Debtors") entered into a Settlement Agreement with creditor NRS, wherein the Settlement Debtors negotiated to settle the Judgment held by NRS "upon payment of [$91,000] to resolve any and all claims relating and/or pertaining to the Litigation, the Property, […] as well as the release of the Judgment as paid and satisfied[.]" See Settlement Agreement, attached hereto as **Exhibit 2**. To this end, the Settlement Debtors executed a Deed of Trust against their home for the benefit of NRS in the sum of $91,000, recorded among the land records of Fairfax County, Virginia at Book 21787, Liber 1877.

8. In 2012, Beitdashtoo filed for bankruptcy under Chapter 13 in the United States Bankruptcy Court for the District of Columbia, Case No. 12-00722. Beitdashtoo did not receive a discharge due to the fact that Beitdashtoo had received a discharge in a separate bankruptcy case under Chapter 7 just one year prior (Case No. 11-16702 before the United States Bankruptcy Court for the District of Eastern Virginia). However, Beitdashtoo's Chapter 13 plan was approved and completed, paying 100% plus 6% post-confirmation interest per annum. See Chapter 13 Standing Trustee's Final Report and Account, Doc. 90 in D.C. Bankruptcy case no. 12-00722, attached hereto as **Exhibit 3**.

9. In Beitdashtoo's Chapter 13 plan, NRS was listed as a secured creditor and received plan payments in the principal sum of $91,000, and also interest in the sum of $8,712.44. In consideration thereof, on July 06, 2017, NRS executed a "Deed of Release" instrument to release the Deed of Trust it held against the Settlement Debtors, attached hereto as **Exhibit 4**.

10. Previously, presumably because of these and other reasons, the Chapter 7 Trustee declined to consent to the relief from stay and this Court expressly conditioned relief on this consent.

11. The Trustee previously determined that she should await the result of the adversary proceeding in this Court.

12. Due to the Court Ordering the Trustee to retain Vaughn that position has now changed.

13. The lifting of the stay is prejudicial to the Debtor because she is of limited resources and will need to either retain the undersigned who is solely retained for this narrow matter in this Court or find new counsel or appear *pro se*. Previously her husband provided fees


to cover her defense in this case as the Debtor has had serious gambling addictions over the years.  This debt relates to gambling in a casino in Las Vegas.

14. Debtor is concerned that given Vaughn's pursuit of this matter for over ten (10) years that he may have a vested income in the outcome which creates a conflict of interest as he is self-interested.[1]  *In re: Big Rivers Electric Corp.*, 355 F.3d 415 (6th Cir. 2004).  (lawyer identified ways to enhance the estate but secretly had an agreement with creditors for a percentage of any recovery and was deemed not "disinterested" and had to disgorge fees).

15. Debtor has issued a Notice that he will take the deposition of a corporate designee of Nationwide Registry & Security, Ltd., attached hereto as **Exhibit 5**.

16. Debtor requests that this Court permit this discovery to occur before reversing the Trustee's initial decision.

WHEREFORE, Debtor Ahmadpour respectfully requests that:

  A. the automatic stay remain in effect;

  B. Vaughn not be employed unless and until Debtor can obtain a deposition of this Creditor exploring the role of Vaughn and the payment history of the alleged debt;

  C. such other and further relief this Court deems just and proper be granted.

(signature page follows)

---

[1] This court may recall it cautioned Vaughn on his tone and the professional decorum that this court requires for attorneys appearing before it.

                                                      Respectfully submitted,

                                                      **THE PELS LAW FIRM**

Dated: June 1, 2018                    */s/ Jon D. Pels*
                                                      Jon D. Pels, Esq., MD Bar #11883
                                                      jpels@pelslaw.com

                                                     */s/ Alvaro A. Llosa*
                                                     Alvaro A. Llosa, Esq., MD Bar #19334
                                                     allosa@pelslaw.com

                                                     4845Rugby Avenue,
                                                     Third Floor
                                                     Bethesda, MD 20814
                                                     (301) 986-5570 (T)
                                                     (301) 986-5571 (F)
                                                     *Counsel for Debtor*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 1, 2018, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system to all registered participants.

Robert L. Vaughn, Jr., Esq.
rvaughn@oconnorandvaughn.com

Fitzgerald Lewis, Esq.
flewis@lewisatlaw.com

And on June 1, 2018, was served by first class mail, postage prepaid to:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

                                                   */s/ Jon D. Pels*
                                                   Jon D. Pels, Esq., MD Bar #11883